```
                    UNITED STATES DISTRICT COURT
                  FOR THE DISTRICT OF NEW HAMPSHIRE
```

**Robert V. Towle**

    **v.**                                                                   Civil No. 13-cv-485-PB

**Michelle Hartshorn**

## REPORT AND RECOMMENDATION

Robert Towle has filed this action against Defendant Michelle Hartshorn, pursuant to 42 U.S.C. § 1983, alleging that Hartshorn has violated his rights under the First Amendment. See Doc. No. 1 (Complaint). Towle is proceeding in forma pauperis in this matter. See Doc. No. 8 (Order granting Towle in forma pauperis status).

## DISCUSSION

### I. 28 U.S.C. § 1915(g)

The granting of in forma pauperis status to a prisoner is governed by 28 U.S.C. §§ 1915 and 1915A. Section 1915(g) states that:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a

> claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

"Determining whether Plaintiff's actions count as strikes under § 1915(g) requires the Court to conduct a 'careful examination of the order dismissing an action, and other relevant information,' to determine if, in fact, 'the action was dismissed because it was frivolous, malicious or failed to state a claim.'" Palmer v. Berkson, No. 1:11-CV-01882-LJO, 2013 WL 6909440, *1 (E.D. Cal. Dec. 31, 2013) (citation omitted), report and recommendation adopted, 2014 WL 223482 (E.D. Cal. Jan. 21, 2014).  District courts may apply the three strikes rule sua sponte, as "the three strikes rule is not an affirmative defense that must be raised in the pleadings." Harris v. City of New York, 607 F.3d 18, 23 (2d Cir. 2010).

## II. Towle's Litigation History

Towle has filed nine lawsuits in this court during his incarceration.  Since 2012, this Court has dismissed the following four of those cases on grounds that qualify each of them as a "strike" for purposes of § 1915(g):

- Towle v Hornick, No. 11-cv-203-PB, 2012 WL 27957 (D.N.H. Jan. 5, 2012) (adopting report and recommendation and dismissing case), aff'd, No. 12-1100 (1st Cir. June 15, 2012) (hereinafter "Hornick Case").

2

• Towle v. Eldridge, No. 11-cv-293-SM, 2012 WL 40458 (D.N.H. Jan. 6, 2012) (adopting report and recommendation and dismissing case) (hereinafter "Eldridge Case").

• Towle v. Vaughan, No. 12-cv-299-PB, 2013 WL 149471 (D.N.H. Jan. 14, 2013) (adopting report and recommendation and dismissing case) (hereinafter "Vaughan Case").

• Towle v. Bornstein, No. 13-cv-106-PB (D.N.H. Aug. 20, 2013) (adopting report and recommendation) (hereinafter "Bornstein Case").

## III. Failure to State a Claim

The Hornick and Eldridge Cases were both dismissed for failure to state a claim upon which relief might be granted. See Hornick Case, Doc. Nos. 13 & 15; Eldridge Case, Doc. Nos. 10 & 12. Under the plain language of § 1915(g), each of these cases counts as a strike for purposes of applying that statute.

## IV. Absolute Judicial Immunity

In the Vaughan Case, Towle sued two justices of the New Hampshire Superior Court. After conducting preliminary review of the matter, the Magistrate Judge recommended that the case be dismissed in its entirety because, on the face of the complaint, all of the claims in the action were asserted against defendants who enjoyed absolute judicial immunity from suit. See Vaughan Case, Doc. Nos. 9 & 10.

3

Cases dismissed on grounds of absolute judicial immunity may be counted as strikes for purposes of § 1915(g).  See *Mills v. Fischer*, 645 F.3d 176, 177 (2d Cir. 2011) ("Any claim dismissed on the ground of absolute judicial immunity is 'frivolous' for purposes of 28 U.S.C. § 1915(g)."); *Ball v. Famiglio*, 726 F.3d 448, 461-62 (3d Cir. 2013) (declining to find that all cases dismissed by reason of judicial immunity are *per se* frivolous, but finding that where immunity of judicial defendants is apparent on face of complaint, dismissal of that case counts as strike for purposes of § 1915(g)); *Harmon v. Webster*, 263 F. App'x 844, 846 (11th Cir. 2008) (noting that district court's dismissal of case on grounds of absolute immunity counted as first strike against plaintiff, as that dismissal was for failure to state claim upon which relief can be granted).  Accordingly, the *Vaughan* Case counts as a strike under § 1915(g).

**V.   Res Judicata**

After preliminary review, the Court dismissed the *Bornstein* Case on grounds of res judicata, as the action asserted essentially the same claims against the same defendants as did the complaint in the *Vaughan* Case.  See *Bornstein* Case, Doc. Nos. 10 & 12.  When the original case that created the res judicata bar in a subsequent case qualified as a strike, the

dismissal of the subsequent case on res judicata grounds qualifies as an additional strike under § 1915(g).  See Harmon, 263 F. App'x at 846 (where prior case was dismissed for failure to state claim and therefore counted as strike, dismissal of second case on res judicata grounds also counted as strike); Walker v. Page, 59 F. App'x 896, 900 (7th Cir. 2003) (case squarely barred by res judicata counts as strike under § 1915(g)).  The Bornstein Case thus counts as a strike under § 1915(g).

**VI.   Three Strikes**

Each of the four dismissals discussed above counts as a strike for purposes of § 1915(g).  As Towle had accumulated more than three strikes before he filed this action, this case is subject to the "three strikes" restriction set forth in that statute.  Towle has failed to assert any claim here suggesting that he is exposed to an "imminent danger of serious physical injury," and thus this case is not excepted from the three-strikes bar.  In order to proceed in this matter, therefore, Towle must pay the filing fee in full.  Accordingly, the Court should vacate the November 20, 2013, Order (Doc. No. 8), granting Towle in forma pauperis status and direct Towle to pay the filing fee.

5

**CONCLUSION**

For the foregoing reasons, the District Judge should issue the following order:

1. The November 20, 2013, Order (Doc. No. 8) is vacated.

2. Towle's "Motion to Proceed In Forma Pauperis" (Doc. No. 2) is denied pursuant to 28 U.S.C. § 1915(g).

3. Towle is directed to pay the $400 filing fee within thirty days to avoid dismissal of this matter.

Any objections to this Report and Recommendation must be filed within fourteen days of receipt of this notice. See Fed. R. Civ. P. 72(b)(2). Failure to file objections within the specified time waives the right to appeal the district court's order. See United States v. De Jesús-Viera, 655 F.3d 52, 57 (1st Cir. 2011); Sch. Union No. 37 v. United Nat'l Ins. Co., 617 F.3d 554, 564 (1st Cir. 2010) (only issues fairly raised by objections to magistrate judge's report are subject to review by district court; issues not preserved by such objection are precluded on appeal).

                                   _____
                                   Andrea K. Johnstone
                                   United States Magistrate Judge

September 16, 2014

cc:   Robert V. Towle, pro se
      Nancy J. Smith, Esq.